IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, RESPONDENT, | § § § | |
| VERSUS | § § § | CASE NO.: B-01-47-01 |
| GABRIEL GONZALEZ-MERCADO, PETITIONER | § § | |

United States District Court
Southern District of Texas
FILED
JUL 11 2003
Michael N. Milby
Clerk of Court

United States District Court
Southern District of Texas
FILED
SEP 0 8 2002
Michael N. Milby
Clerk of Court

B-03-159

## REPLY TO MOTION REQUESTING FOR MODIFICATION OF SENTENCE PURSUANT TO 28 U.S.C. § 2255

TO THE HONORABLE HILDA G. TAGEL, UNITED STATES DISTRICT JUDGE:

**Comes now**, GABRIEL GONZALEZ-MERCADO, ("Petitioner") herein, by and through Pro-se representation and files Reply to Motion Requesting for Modification of Sentence pursuant to 28 U.S.C. § 2255 and respectfully shows the court as follows:

Petitioner filed a Request for Modification of Sentence, which was denied by this honorable court on June 25, 2003. In this petition, Petitioner claims that the

court wrongfully assessed him with a criminal history category of III based on a pending cocaine possession felony charge in Texas state court, Cause No. CR-1302-00-1. Petitioner filed Motion to Dismiss, or Run Concurrent said charge with federal present serving sentence. Since the case has been dropped, Petitioner requested the court to modify his criminal history category by discounting two (2) points for the dismissed cocaine possession charge.

The court denied Petitioner's request because in fact Petitioner did not receive two (2) points for a pending cocaine possession felony charge in Cause No.: CR-1302-00-1. This petition follows:

Petitioner was wrongfully enhanced sixteen (16) levels for a prior aggravated felony conviction, for possession of cocaine for sale in Criminal No.: 153984, because he was subsequently deported to Mexico. Let it be emphasized that the sixteen (16) level enhancement is unconstitutional because following this conviction of eight (8) months county jail, followed by three (3) years supervised release; Petitioner was released and not deported. Please review page eight- (8), Paragraph thirty- (30), Pre-Sentence Report for further document support. The only deportation that existed in Petitioner's case occurred on May 5, 1999.

## CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that after considering the merits of his case grants relief requested and issue a sentence reduction as the court see fit.

Respectfully Submitted,

Dated on: 7-8-03

*Gabriel Gonzalez-M*
GABRIEL GONZALEZ-MERCADO
BOP NO.: 94615-079
AIRPARK UNIT
3700 WRIGHT AVENUE
BIG SPRING, TEXAS 79720

## CERTIFICATE OF SERVICE

I GABRIEL GONZALEZ-MERCADO, on July 7, 2003, filed Reply to Motion for Modification of Sentence pursuant to 28 U.S.C. § 2255 to: U.S. District Clerk, 600 E. Harrison Street # 101, Brownsville, Texas 78520-7114.


Cc:   Assistant U.S. Attorney

Adjustment for Obstruction of Justice

9. The probation officer has no information to suggest the defendant impeded or obstructed justice.

Adjustment for Acceptance of Responsibility

10. The defendant clearly accepts responsibility for his criminal conduct in the commission of the instant offense. He advised this officer he entered the United States to work to earn enough money to pay for his father's heart operation. Mr. Gonzalez-Mercado acknowledged his prior deportation on May 5, 1999, via the Port of Entry, Hidalgo, Texas.

Offense Level Computations

11. The 2000 edition of the Guidelines Manual has been used in this case.

Count One - Alien unlawfully found to be in the United States after deportation, having previously been convicted for an aggravated felony.

12. **Base Offense Level:** The guideline for violation of 8 U.S.C. §§1326(a) and 1326(b) is found in U.S.S.G. §2L2.1 and calls for a base offense level of eight (8).    8

13. **Specific Offense Characteristic:** The defendant has a prior aggravated felony conviction, as defined in 8 U.S.C. § 1101(a)(43)(B) for possession of cocaine for sale in Cr. No. 153984. He was subsequently deported to Mexico, on May 5, 1999. Pursuant to U.S.S.G. § 2L2.1(b)(1)(A) the offense level is increased by sixteen (16) levels.    +16

14. **Victim-Related Adjustments:** None.    0

15. **Adjustments for Role in the Offense:** None.    0

16. **Adjustment for Obstruction of Justice:** None.    0

17. **Adjusted Offense Level (Subtotal):**    24

18. **Adjustment for Acceptance of Responsibility:** The defendant clearly accepts responsibility for his criminal conduct in the commission of the instant offense. Further, he timely notified authorities of his intent to plea guilty thereby permitting the government to avoid preparing for trial and allowing the Court to allocate its resources efficiently. Pursuant to U.S.S.G. § 3E1.1(a) and (b), the offense is reduced by three (3) levels.    -3

4

*Same cause*

| 30. | 01/31/92<br>(Age 26) | Ct. 1: Possession of cocaine for sale,<br>Ct. 2: Transporting Cocaine,<br>Ct. 3: Under the influence of cocaine,<br>Superior Court of California,<br>Santa Clara County, California,<br>Cr. No. 153984 | 05/18/92: P/G- Ct.1: 8 months county jail, 3 years probation,<br>Ct. 2: Dismissed<br>Ct. 3: 90 days county jail to run c/c with Ct. 1<br><br>12/28/98: Ordered deported to Mexico<br><br>05/05/99: Deported to Mexico | 4A1.1(b) | 2 |
|---|---|---|---|---|---|

The defendant was represented by counsel. According to a presentence investigation report prepared in this case, the defendant was the passenger in a vehicle driven by co-defendant Nicolas Chavarria. Officers with the Santa Clara, California Police Department observed the defendant sticking his hand into a speaker hole on the dash of the vehicle. Officers conducted a vehicular stop on the vehicle and found the driver, Chavarria, and the defendant appeared to be under the influence of cocaine. A search of the vehicle resulted in officers seizing more than a 1/2 ounce of cocaine from the speaker hole in the dash of the vehicle.

| 31. | 10/11/00<br>(Age 34) | Possession of marihuana,<br>105th Judicial District Court,<br>Kleberg County, Texas,<br>Cr. No. 00-CRF-581 | 01/10/00: P/G- 10 years TDCJ, suspended for 10 years probation | 4A1.1(c) | 1 |
|---|---|---|---|---|---|

The defendant was represented by counsel. Please refer to the offense conduct of this report for details.

<u>Criminal History Computation</u>

32. The criminal convictions above result in a subtotal criminal history score of three (3).

33. At the time the instant offense was committed, the defendant was probation for possession of marihuana in Cr. No. 00-CRF-581. Pursuant to U.S.S.G. § 4A1.1(d), two (2) points are added.

34. The total of the criminal history points is five (5). According to the sentencing table at U.S.S.G. Chapter 5, Part A, three (3) criminal history points establish a criminal history category of III.