United States District Court
Southern District of Texas
ENTERED
OCT 0 8 2003
Michael N. Milby, Clerk of Court
By Deputy Clerk

United States District Court
Southern District of Texas
FILED
OCT 0 2 2003
Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GABRIEL GONZALEZ-MERCADO, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CRIMINAL CASE NO. B-01-047 |
| | § | CIVIL CASE NO. B-03-159 |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is applicant Gabriel Gonzalez-Mercado's 28 U.S.C. § 2255 motion (Docket No. 1), via which he seeks modification of his sentence.[1] For the following reasons, the relief sought by Petitioner should be DENIED and his 28 U.S.C. § 2255 application should be DISMISSED with prejudice.

## I.
## FACTUAL & PROCEDURAL BACKGROUND

On February 8, 2001, Petitioner pled guilty to violating 8 U.S.C. § 1326(a) and (b). No plea agreement was entered. The Magistrate Judge assigned to the case, Judge John William Black, recommended that the District Court accept the plea and enter final judgment of guilt against the defendant. After the District Court considered and subsequently denied the defendant's motion for downward departure, the Court adopted the Magistrate Judge's

---

[1] Although Gonzalez-Mercado labeled his motion "Reply to Motion Requesting For Modification of Sentence Pursuant to 28 U.S.C. § 2255," it will herein be treated as a 28 U.S.C. § 2255 Application to Vacate, Set Aside or Correct Sentence. *See United States v. Santora*, 711 F.2d 41, 42 n.1 (5th Cir. 1983); *Simmons v. United States*, 437 F.2d 156, 159 (5th Cir. 1971) (determining that when a petitioner clearly seeks relief in the nature of a § 2255 order, the petitioner's motion should be construed as a § 2255 application regardless of the language used in the motion's title).

1

recommendations; the defendant was then sentenced to forty-six months in prison and to a three-year term of supervised release. Judgment was entered on May 17, 2001, and because Gonzalez-Mercado did not file a direct appeal, his conviction became final on May 31, 2001.

On March 15, 2003, almost two years after his conviction became final, Gonzalez-Mercado forwarded a letter to the district court seeking modification of his sentence. Along with the letter, Gonzalez-Mercado provided documentation regarding the dismissal of a charge for felony cocaine possession that had been pending against him in state court. According to Gonzalez-Mercado, because that state charge had been used when calculating his criminal history score in the case at issue, his sentence should be adjusted –downward– to reflect the change in his criminal history.

In response to Gonzalez-Mercado's letter, the district court issued an order denying the defendant's request for modification of his sentence. The order pointed out that Gonzalez-Mercado's assertions regarding the manner in which his criminal history score had been calculated were –for lack of a more artful term– wrong. Specifically, the Court noted that, contrary to Gonzalez-Mercado's assertions, his criminal history category was not based on the cocaine charges that apparently have been dismissed.

Gonzalez-Mercado subsequently filed the instant petition on July 8, 2003. *See Sonnier v. Johnson*, 161 F.3d 941, 945 n.2 (5th Cir. 1998) (noting that a prisoner's habeas application is considered filed when delivered to prison authorities for mailing to the district court). Therein, the Petitioner appears to acknowledge that he was mistaken about the use of a now-dismissed state charge in calculating his criminal history score. However, he raises a new argument regarding the validity of his sentence. According to the Petitioner, the sixteen-level increase in

2

his offense level –which was imposed pursuant to USSG § 2L1.2(b)(1)(A) and was called for in the Presentence Report ("PSR")– was improper. Although the precise contours of Gonzalez-Mercado's argument regarding the alleged impropriety are not easily discernable, his complaint seems to involve the contention that, contrary to assertions found in the PSR, he was released –not deported– following a prior aggravated felony conviction, and therefore USSG § 2L1.2(b)(1)(A) and its sixteen-level increase should not have been triggered.[2]

## II.
## ANALYSIS

Before this Court can address the merits of Gonzalez-Mercado's arguments, it is necessary to first turn to the question of whether or not we may even properly consider his claims. In particular, the issue of Petitioner's timeliness in filing his § 2255 application is of great import to the resolution of this case. *See United States v. Flores*, 135 F.3d 1000, 1002 (5th Cir. 1998) (addressing as a threshold issue the question of whether or not petitioner's § 2255 motion was time barred).

Gonzalez-Mercado filed his § 2255 motion after the effective date of the AEDPA; thus, the motion is controlled by the provisions of that statute. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). 28 U.S.C. § 2255 provides a one-year time limit for filing a § 2255 motion. *See, e.g., United States v. Jones*, 172 F.3d 381 (5th Cir. 1999). The provisions of 28 U.S.C. §

---

[2] For the reasons set out in the remainder of this report and recommendation, our resolution of this case does not require that we reach the merits of the petitioner's claims. However, the Court notes, only in passing, that Gonzalez-Mercado's arguments regarding the sixteen-level increase pursuant to USSG § 2L1.2(b)(1)(A) appear to be without arguable merit. Petitioner acknowledges in the motion currently before this Court that he was deported on May 5, 1999. The deportation occurred after he finished serving his sentence for an aggravated felony, and USSG § 2L1.2(b)(1)(A) requires a sixteen level increase in such circumstances, regardless of whether or not the deportation was in response to the conviction for an aggravated felony. *See* USSG § 2L1.2, comment. (n.1).

3

2255 set forth four different scenarios for determining when the one-year limitations period begins to run. According to the relevant portion of § 2255:

> The limitation period shall run from the latest of–
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

After reviewing the record, it is clear that no unconstitutional "governmental action" impeded Gonzalez-Mercado from filing for § 2255 relief prior to the end of the limitations period. *See id.* In addition, the Petitioner's claim does not involve a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. *See id.* Furthermore, Gonzalez-Mercado has not shown that he was unable to discover the factual basis for his claims until a date subsequent to the day his conviction became final. *See id.* In short, none of the relevant statutorily-dictated circumstances have impeded the movant's ability to file a timely § 2255 motion. *See Thomas*, 203 F.3d at 352 n.1. Accordingly, the date the limitations period began to run was the day on which the judgment became final.

In the case at hand, Gonzalez-Mercado's conviction became final when the time for filing a notice of appeal expired –i.e., it became final on May 31, 2001. *See* FED. R. APP. P. 4(b)(1).

4

Therefore, Petitioner had until May 31, 2002, to file a timely § 2255 application. Petitioner actually filed his § 2255 application on July 8, 2003; thus, it should be dismissed as time barred.

## III.
## RECOMMENDATION

For the aforementioned reasons, Petitioner's application for 28 U.S.C. § 2255 relief should be DENIED. It is further recommended that Petitioner's § 2255 application be DISMISSED with prejudice. *See United States v. Garcia*, Crim. A. No. 89-069, 1994 WL 693440, at *2 (E.D.La. Dec. 7, 1994); *see also United States v. Patterson*, 211 F.3d 927 (5th Cir. 2000) (discussing generally the appropriateness of dismissing with or without prejudice in the context of time-barred § 2255 motions). A thorough review of all files, records, transcripts and correspondence relating to the judgment being challenged conclusively shows that the movant is not entitled to the relief sought; therefore an order for summary dismissal would be appropriate in this case. *See* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. foll. § 2255; *United States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983).

## IV.
## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

DONE at Brownsville, Texas, this __2ª__ day of October, 2003.

_____
Felix Recio
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GABRIEL GONZALEZ-MERCADO, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CRIMINAL CASE NO. B-01-047 |
| | § | CIVIL CASE NO. B-03-159 |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Magistrate Judge's Report and Recommendation in the above-referenced cause of action. After a de novo review of the file, the Magistrate Judge's Report and Recommendation is hereby ADOPTED. The Petitioner's application for relief pursuant to 28 U.S.C. § 2255 is hereby DENIED and his application is DISMISSED with prejudice.

DONE at Brownsville, Texas this _____ day of _____, 2003.

_____
Hilda Tagle
United States District Judge