IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| RESPONDENT, | § | |
| | § | CASE NO.: **B-01-47-01** |
| VERSUS | § | CIVIL CASE NO.: **B-03-159** |
| | § | |
| GABRIEL GONZALEZ-MERCADO, | § | |
| PETITIONER. | § | |

## REPLY TO MAGISTRATE'S REPORT AND RECOMMENDATION

TO THE HONORABLE HILDA G. TAGEL, UNITED STATES DISTRICT JUDGE:

**Comes now**, GABRIEL GONZALEZ-MERCADO, ("Petitioner") herein, by and through Pro-se representation and files Reply to Magistrate's Report and Recommendation and respectfully shows the court as follows:

Petitioner filed a Request for Modification of Sentence, which was denied by this honorable court on June 25, 2003. On October 29, 2003, Petitioner received the Magistrate's Report and Recommendation, which gave notification of filing written objections to the proposed findings, conclusions, and recommendations in the Magistrate's Report and Recommendation within 10 days

after being served. Petitioner was served on October 8, 2003. This Petition follows:

## I.

Petitioner was wrongfully enhanced sixteen (16) levels for a prior aggravated felony conviction, for Possession of Cocaine for Sale in Criminal case No.: 153984, because he was subsequently deported to Mexico. Let it be emphasized that the sixteen (16) level enhancement is unconstitutional because following this conviction of eight (8) months county jail, followed by three (3) years supervised release; Petitioner was released and not deported. Let it be remembered, that the offense date was on January 31, 1992. If the offense date was on January 31, 1992, why was Petitioner not deported then? If on January 31, 1992, Petitioner was deportable under the law, why was he deported until May 5, 1999? This deportation does not exist, because Petitioner was not deported. Furthermore, pursuant to **U.S.S.G. § 2L1.2 (a) (1) (B)** states as follows:

> *(B)   A conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less, increase by 12 levels.*

Please review page four- (4), Paragraph thirteen- (13), Pre-Sentence Report for further document support. **Specific Offense Characteristic:** The defendant has a

2

prior aggravated felony conviction, as defined in 8 U.S.C. § 1101(a)(43)(B) for possession of cocaine fro sale in **Criminal Number. 153984.** Pursuant to U.S.S.G. § 2L2.1(b)(1)(A) the offense level is increased by sixteen (16) levels.

Petitioner's increased offense level of sixteen (16) is misplaced. Petitioner's offense level should reflect an offense level of twelve (12), and not sixteen (16). Petitioner's total offense level should be seventeen (17), Category III, (30-37 months). Petitioner was sentenced to 46 months followed by 3 years supervised **release.**

## CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that after considering the merits of his case grants relief requested and issue a sentence reduction as the court see fit.

Respectfully Submitted,

Dated on: 10-9-03

*Gabriel Gonzalez*
GABRIEL GONZALEZ-MERCADO
BOP NO.: 94615-079
AIRPARK UNIT
3700 WRIGHT AVENUE
BIG SPRING, TEXAS 79720

## CERTIFICATE OF SERVICE

I GABRIEL GONZALEZ-MERCADO, on October 9, 2003, filed Reply to Magistrate's Report and Recommendation to: U.S. District Clerk, 600 E. Harrison Street # 101, Brownsville, Texas 78520-7114.

Cc:   Assistant U.S. Attorney
      Ronald G. Morgan
      600 E. Harrison Street
      Suite # 201
      Brownsville, Texas 78520-7155

Adjustment for Obstruction of Justice

9. The probation officer has no information to suggest the defendant impeded or obstructed justice.

Adjustment for Acceptance of Responsibility

10. The defendant clearly accepts responsibility for his criminal conduct in the commission of the instant offense. He advised this officer he entered the United States to work to earn enough money to pay for his father's heart operation. Mr. Gonzalez-Mercado acknowledged his prior deportation on May 5, 1999, via the Port of Entry, Hidalgo, Texas.

Offense Level Computations

11. The 2000 edition of the Guidelines Manual has been used in this case.

    Count One - Alien unlawfully found to be in the United States after deportation, having previously been convicted for an aggravated felony.

12. **Base Offense Level:** The guideline for violation of 8 U.S.C. §§1326(a) and 1326(b) is found in U.S.S.G. §2L2.1 and calls for a base offense level of eight (8).    **8**

13. **Specific Offense Characteristic:** The defendant has a prior aggravated felony conviction, as defined in 8 U.S.C. § 1101(a)(43)(B) for possession of cocaine for sale in Cr. No. 153984. He was subsequently deported to Mexico, on May 5, 1999. Pursuant to U.S.S.G. § 2L2.1(b)(1)(A) the offense level is increased by sixteen (16) levels.    **+16**

14. **Victim-Related Adjustments:** None.    **0**

15. **Adjustments for Role in the Offense:** None.    **0**

16. **Adjustment for Obstruction of Justice:** None.    **0**

17. **Adjusted Offense Level (Subtotal):**    **24**

18. **Adjustment for Acceptance of Responsibility:** The defendant clearly accepts responsibility for his criminal conduct in the commission of the instant offense. Further, he timely notified authorities of his intent to plea guilty thereby permitting the government to avoid preparing for trial and allowing the Court to allocate its resources efficiently. Pursuant to U.S.S.G. § 3E1.1(a) and (b), the offense is reduced by three (3) levels.    **-3**